IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WANDA F. BROCK                                                                                    PLAINTIFF

vs.                                       Civil No. 6:13-cv-06016

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

    Wanda F. Brock ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

    Plaintiff filed her disability application on March 15, 2010.  (Tr. 15, 101).  Plaintiff alleges being disabled due to a heart attack, diabetes, depression, "nerves," arthritis, a tailbone injury, and "spinal problems."  (Tr. 127).  Plaintiff alleges an onset date of December 26, 2009.  (Tr. 15, 101).  This application was denied initially and again upon reconsideration.  (Tr. 50-51).  Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 60-71).

On August 11, 2011, this administrative hearing was held in Hot Springs, Arkansas. (Tr. 28-49). Plaintiff was present at this hearing and was represented by Charles Padgham. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 32). As for her level of education, Plaintiff testified she had obtained her GED. *Id.*

After this hearing, on October 21, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 15-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2014. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 26, 2009, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: coronary artery disease, diabetes, anxiety disorder, and depression. (Tr. 17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasionally climb stairs, balance, stoop, kneel, crouch and

> crawl; never climb ladders, cannot sustain work without option to sit/stand at will; able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables, little judgment and where supervision required is simple, direct, and concrete.

*Id.* "Light work" is defined as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2012).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ found Plaintiff's PRW included work as a cashier/stocker and cashier/supervisor. *Id.* Considering her RFC, the ALJ determined Plaintiff was unable to perform any of this PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10).

The VE testified at the administrative hearing regarding this issue. (Tr. 22-23, Finding 10; Tr. 45-49). Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that individual would be able to perform the requirements of representative occupations such as a final assembler (sedentary, unskilled) with 60,000 such jobs in the nation and 1,000 such jobs in Arkansas. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy and had not been under a disability, as defined in the Act, from December 26, 2009 through

3

the date of her decision or through October 21, 2011. (Tr. 23, Finding 11).

Thereafter, on November 1, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). On January 30, 2013, the Appeals Council denied this request for review. (Tr. 1-3). On February 11, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 7, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

4

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 2-11. Specifically, Plaintiff claims the following: (A) the ALJ erred when she found Plaintiff retains the ability to perform work existing in signfiicant

5

numbers in the national economy; (B) the ALJ erred in evaluating her subjective complaints of disability; and (C) the ALJ erred by giving "very little weight" to the opinion of her treating physician. *Id.* The Court will address all of these arguments.

### A. Step Five Determination

Plaintiff claims the ALJ erred when she found Plaintiff could perform other work existing in significant numbers in the national economy. ECF No. 11 at 3-8. Plaintiff makes two claims regarding the ALJ's Step Five determination. *Id.* First, Plaintiff claims the ALJ did not "provide information as to what position [or occupation]" she could perform. ECF No. 11 at 3. Plaintiff is incorrect in this claim. The ALJ specifically found Plaintiff retained the capacity to perform an occupation such as a final assembler (sedentary, unskilled) with 60,000 such jobs in the nation and 1,000 such jobs in Arkansas. (Tr. 22-23, Finding 10).

Second, Plaintiff claims the VE testified that given all her restrictions and limitations "there would be no work available that she could perform in the national economy." ECF No. 11 at 3. This is also incorrect. At the administrative hearing in this matter, the VE specifically identified the occupation of a final assembler in response to a hypothetical from the ALJ which included all the limitations the ALJ found credible. (Tr. 47-48). Plaintiff is correct that the VE stated there were no jobs a hypothetical person could perform considering the added limitations that the person "cannot perform work without missing work or being late more than twice per month or having to take frequent, unscheduled breaks at will for any reason." *Id.* The ALJ, however, did not find Plaintiff had these limitations. (Tr. 19-22, Finding 5). Thus, the ALJ was not required to present them in her hypothetical to the VE. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding the hypothetical to the VE "need only include those impairments and limitations found credible by the ALJ").

6

B.      **Subjective Complaints**

Plaintiff claims the ALJ erred in assessing her subjective complaints. ECF No. 11 at 8-9. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. (Tr. 19-22). In her opinion, the ALJ first recognized *Polaski* and the factors she was required to consider. (Tr. 19-20). The ALJ then outlined Plaintiff's subjective complaints. (Tr. 20). After considering her subjective complaints, the ALJ recognized that despite her subjective complaints of disabling pain and other limitations, Plaintiff "is able to engage in most of her activities of daily living with mild to moderate limitations." (Tr. 21). The ALJ also considered Plaintiff's medication and noted her medical records indicate her "medication has improved her symptoms and there are no side effects." (Tr. 21).

In her opinion, the ALJ did not methodically discuss each *Polaski* factor. (Tr. 19-20). While that is the preferred practice, the ALJ is not required to discuss each factor. *See, e.g., Goff v. Barnhart,* 421 F.3d 785, 791-92 (8th Cir. 2005) (recognizing the ALJ need not discuss each *Polaski* factor). Accordingly, even though she did not analyze each factor, because the ALJ acknowledged the *Polaski* factors prior to discounting Plaintiff's subjective complaints and provided valid reasons for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See, e.g., McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (if the ALJ explicitly discredits the claimant and gives "good reasons" for doing so, the court normally defers to the ALJ's credibility determination).

### C.     Treating Physician

Plaintiff claims the ALJ erred in rejecting "the diagnosis of Dr. Matthew Osborne," her treating physician. ECF No. 11 at 9-11. Plaintiff claims Dr. Osborne diagnosed her with fibromyalgia, and she argues the ALJ erred in considering this diagnosis and in fully evaluating her fibromyalgia. *Id.* at 8. In her opinion, the ALJ considered Plaintiff's allegation that she was disabled due to fibromyalgia; but after considering her complaints, the ALJ found Plaintiff's fibromyalgia was not a severe impairment. (Tr. 17). The ALJ based this determination upon the fact that there is not a "diagnosis of this impairment [fibromyalgia] on file." *Id.*

In her appeal brief, Plaintiff claims Dr. Osborne diagnosed her with fibromyalgia on February 9, 2010. ECF No. 11 at 8-9. Plaintiff does not reference any specific medical record or records wherein she was diagnosed with fibromyalgia. *Id.* The Court has reviewed Plaintiff's medical records. (Tr. 198-358). There does not appear to be any record stating Plaintiff has been formally diagnosed with fibromyalgia either on February 9, 2010 or at any other time. The only record which comes close to such a diagnosis is from May 4, 2010. (Tr. 284).

On this date, May 4, 2010, Plaintiff was examined by either a doctor or a nurse at Arkadelphia Medical Clinic and was found to have "possible fibromyalgia." (Tr. 284). Thereafter, some of her medical records intermittently reference "fibromyalgia" at different times, but there is no indication she was ever tested and formally diagnosed with this impairment. Indeed, based upon her medical records, it appears the term "fibromyalgia" is only included in those medical records because she thought she suffered from this impairment. (Tr. 284) ("She is concerned about fibromyalgia"). Accordingly, the Court cannot find the ALJ erred in finding her alleged fibromyalgia was not a severe impairment.

9

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE